HAZOURI, J.,
concurring specially.
I concur but write to respond to the dissent. Although the dissent makes a persuasive common sense argument, we are constrained by the Fourth Amendment and the case law which requires that law enforcement obtain a search warrant, absent exigent circumstances, to enter a person’s dwelling. The fact that the detectives in the instant case had a clear view of the cocaine did not permit them to enter the defendant’s dwelling. Cote was not aware of the detectives’ presence so his action in wiping down the countertop was not an attempt to destroy evidence in response to law enforcement’s presence.
If the dissent is correct, then the detectives could have been hundreds of yards from the entrance of Cote’s apartment, perhaps in a stake out, and with the use of binoculars, observed Cote’s activities and would not be required to obtain a search warrant. That would clearly be a violation of the Fourth Amendment.
Proximity to the defendant cannot be a logical basis for doing away with the requirement of obtaining a search warrant to enter a person’s dwelling. Proximity alone cannot be the basis for claiming exigent circumstances.
I would also take exception to the dissent’s contention that the majority has placed Detective Mijal in a catch-22 dilemma. There is no reason to believe with the information available to Detective Mijal that any reasonable judge would not issue a search warrant.